IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS GONZALES, | ) | |
|         Plaintiff, | ) | 2:10-cv-02143-GEB-EFB |
| | ) | |
|       v. | ) | STATUS (PRETRIAL SCHEDULING) |
| | ) | ORDER |
| BANK OF AMERICA, NA, BANK OF | ) | |
| AMERICA CORPORATION, MIGUEL | ) | |
| PALACIOS, YEANINA OLIVA, and | ) | |
| JENNY CHIPE, | ) | |
| | ) | |
|         Defendants. | ) | |
| _____ | ) | |

The status (pretrial scheduling) conference scheduled for January 18, 2011, is vacated since the parties' Joint Status Report filed on January 4, 2011 ("JSR") indicates that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Plaintiff states in the JSR, that he "will file a Motion for Leave to File an Amended Complaint adding defendants April Realty, Inc. and Ernesto Garcia" by January 7, 2011. (ECF No. 1:23-24, 2:11-12.)

Plaintiff has thirty (30) days from the date this order is filed within which to file a motion seeking leave to file the referenced amendment. No other service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown.

1  ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

2       If Plaintiff joins a party pursuant to the leave given above,

3  a copy of this Order shall be served on that defendant concurrently with

4  the service of process.

5       That defendant has 30 days after said service within which to

6  file a "Notice of Proposed Modification of Status Order."  Although a

7  newly-joined party's proposed modification filed within this thirty day

8  period will not have to meet the good cause standard, no further

9  amendments will be permitted, except with leave of Court for good cause

10 shown.

11  DISCOVERY

12      All discovery shall be completed by October 5, 2011. In this

13 context, "completed" means that all discovery shall have been conducted

14 so that all depositions have been taken and any disputes relative to

15 discovery shall have been resolved by appropriate orders, if necessary,

16 and, where discovery has been ordered, the order has been complied with

17 or, alternatively, the time allowed for such compliance shall have

18 expired.

19      Each party shall comply with Federal Rule of Civil Procedure

20 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or

21 before May 16, 2011, and any contradictory and/or rebuttal expert

22 disclosure authorized under Rule 26(a)(2)(c)(ii) on or before June 15,

23 2011.

24  MOTION HEARING SCHEDULE

25      The last hearing date for motions shall be December 5, 2011,

26 at 9:00 a.m.[1]

27

28      [1]  This time deadline does not apply to motions for continuances,
                                                      (continued...)

1  Motions shall be filed in accordance with Local Rule 230(b).

2  Opposition papers shall be filed in accordance with Local Rule 230(c).

3  **Failure to comply with this local rule may be deemed consent to the**

4  **motion and the Court may dispose of the motion summarily.**  Brydges v.

5  Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely

6  oppose a summary judgment motion may result in the granting of that

7  motion if the movant shifts the burden to the nonmovant to demonstrate

8  a genuine issue of material fact remains for trial.  Cf. Marshall v.

9  Gates, 44 F.3d 722 (9th Cir. 1995).

10  The parties are cautioned that an untimely motion

11  characterized as a motion in limine may be summarily denied.  A motion

12  in limine addresses the admissibility of evidence.

13  <u>FINAL PRETRIAL CONFERENCE</u>

14  The final pretrial conference is set for February 6, 2012, at

15  11:00 a.m.  The parties are cautioned that the lead attorney who WILL

16  TRY THE CASE for each party shall attend the final pretrial conference.

17  In addition, all persons representing themselves and appearing <u>in</u>

18  <u>propria</u> <u>persona</u> must attend the pretrial conference.

19  The parties are warned that **non-trial worthy issues could be**

20  **eliminated *sua sponte*** "[i]f the pretrial conference discloses that no

21  material facts are in dispute and that the undisputed facts entitle one

22  of the parties to judgment as a matter of law."  Portsmouth Square v.

23  S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

24

25

26

27

28  [1](...continued)
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

1       The parties shall file a **JOINT** pretrial statement no later

2  than seven (7) calendar days prior to the final pretrial conference.[2]

3  The joint pretrial statement shall specify the issues for trial,

4  including a description of each theory of liability and affirmative

5  defense, and shall estimate the length of the trial.[3]  The Court uses the

6  parties' joint pretrial statement to prepare its final pretrial order

7  and could issue the final pretrial order without holding the scheduled

8  final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833

9  (7th Cir. 1999) ("There is no requirement that the court hold a pretrial

10 conference.").

11      If possible, at the time of filing the joint pretrial

12 statement counsel shall also email it in a format compatible with

13 WordPerfect to: geborders@caed.uscourts.gov.

14                     TRIAL SETTING

15      Trial shall commence at 9:00 a.m. on May 15, 2012.

16      IT IS SO ORDERED.

17 Dated:  January 10, 2011

18

19 _____
   GARLAND E. BURRELL, JR.

20 United States District Judge

21

22 _____

23      [2]    The failure of one or more of the parties to participate in
   the preparation of any joint document required to be filed in this case

24 does not excuse the other parties from their obligation to timely file
   the document in accordance with this Order.  In the event a party fails

25 to participate as ordered, the party or parties timely submitting the
   document shall include a declaration explaining why they were unable to

26 obtain the cooperation of the other party.

27      [3]    If a trial by jury has been preserved, the joint pretrial

28 statement shall also state how much time each party desires for voir
   dire, opening statements, and closing arguments.