IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GONZALES,

    Plaintiff,                        No. CIV S-10-2143 KJM-EFB

    vs.

BANK OF AMERICA, et al.,

    Defendants.                 <u>ORDER</u>

                                      /

          On October 24, 2011, defendant Miguel Palacios ("defendant" or "Palacios") filed objections to the confidential settlement reached between plaintiff and defendants April Realty, Ernesto Garcia, Jenny Chipe, Bank of America, N.A., and Bank of America Corp. (ECF 53). (ECF 60.) Palacios asks that the court not dismiss these defendants unless the settlement is disclosed and setoff against any future award adjudged against the non-settling defendants. Plaintiff filed his response to Palacios's objections on November 7, 2011 (ECF 66); defendant Jenny Chipe filed her response on November 9, 2011 (ECF 68); and defendants Bank of America, N.A. and Bank of America Corp. filed their response on November 10, 2011 (ECF 69). The settling parties contend that there is no right to setoffs under the Fair Credit Reporting Act ("FCRA"), the basis for plaintiff's sole claim against defendants. Palacios filed his reply on November 17, 2011. (ECF 71.)

1

1         Palacios relies on *McDermott, Inc. v. AmClyde and River Don Castings Ltd.*, 511
2 U.S. 202 (1994) and *Jordan v. Equifax Info. Servs., LLC*, 2008 U.S. Dist. LEXIS 23318 (N.D.
3 Ga. Mar. 25, 2008), which are inapposite.  The Court in *McDermott* found that "the liability of
4 nonsettling defendants should be calculated with reference to the jury's allocation of
5 proportionate responsibility" in an admiralty case.  511 U.S. at 204.  Palacios has not provided
6 controlling authority to show this proposition is applicable to the present case.  The court in
7 *Jordan* considered "whether the liability of the nonsettling defendants should be calculated in
8 reference to the settling defendants regardless of [calculation] method used" in determining an
9 award of attorney's fees.  2008 U.S. Dist. LEXIS 23318, at *6.  Thus, *Jordan* did not apply
10 *McDermott's* reasoning to the FCRA broadly, as Palacios intimates; rather, the *Jordan* court
11 applied *McDermott's* reasoning to the allotment of attorney's fees in a case where an underlying
12 claim was based on FCRA.  Palacios does not cite to any authority specifically on point.

13         There are specific factors indicating whether a statute provides a right of
14 contribution, and there is "no implied cause of action for indemnification in a federal statute
15 where there was no such express right in the statute."  *Irwin v. Mascott*, 94 F. Supp. 2d 1052,
16 1058-59 (N.D. Cal. 2000).  Here, FCRA does not provide that a nonsettling joint tortfeasor is
17 entitled to any sort of credit as Palacios implies; rather, the language of the statute essentially
18 provides that "any person" who is liable will pay any and all damages.  *See* 15 U.S.C. § 1681n.

19         The court hereby overrules Palacios's objection and finds that the non-settling
20 defendants are not entitled to disclosure of the settlement at this time, or to a setoff under FCRA.
21 *See Brim v. Midland Credit Mgmt.*, 2011 U.S. Dist. LEXIS 75714, *24 (N.D. Ala. May 4, 2011)
22 ("There is no right to offset or contribution under the FCRA."); *Jansen v. Equifax Info. Servs.,*
23 *LLC*, 2010 U.S. Dist. LEXIS 79760, **5-6 (D. Or. Aug. 6, 2010) (finding no right to
24 contribution or indemnification under FCRA); *Nelson v. Equifax Info. Servs. LLC*, 522 F. Supp.
25 2d 1222, 1239 (C.D. Cal. 2007) (stating that FCRA is distinct cause of action from the Fair Debt
26 Collection Practices Act and "[t]here is no equitable offset for either of these causes of action");

1 *McMillan v. Equifax Credit Info. Servs., Inc.*, 153 F. Supp. 2d 129, 132 (D. Conn. 2001)
2 ("Courts have found that the FCRA does not provide a right to indemnification.").
3       Accordingly, the court DISMISSES defendants April Realty and Ernesto Garcia
4 with prejudice as provided by the parties' stipulation of December 5, 2011.  (ECF 74.)  In
5 addition, the court ORDERS plaintiff and defendants Bank of America Corp., Bank of America,
6 N.A., and Jenny Chipe to file dispositional documents within thirty (30) days of the entry of this
7 order.
8       IT IS SO ORDERED.
9 DATED:  December 21, 2011.

                                        UNITED STATES DISTRICT JUDGE